SUCCESSION OF AARON LILLEY—Thomas B. Scott, Testamentary Executor, Appellant.

A creditor of a succession, holding a claim which had been acknowledged, in writing, by the executor to be just, and had been placed among the admitted claims against the estate, subsequently petitioned the Probate Court to have the same ranked as a privileged debt, but did not make the executor a party to the proceeding. A judgment having been rendered *ex parte*, establishing the privilege, on appeal by the executor: *Held,* that the executor, not being a party, the judgment must be reversed.

Though an executor have acknowledged in writing a claim against the estate to be correct, if before paying it he discovers that it had been discharged by the deceased, it is his duty to protect the succession against a second payment.

APPEAL from the Court of Probates of Madison, *Downes,* J.

BULLARD, J., It appears that Phillips, was the owner, by assignment, of a claim against the estate of Lilley, which had been acknowledged by an endorsement in writing, signed by Scott, the executor, to be a just claim, and which was put down among the admitted claims against the estate. This was in July, 1841.

On the 3d of October, 1842, Phillips presented his petition to the Judge of Probates, praying that his claim might be ranked as a privileged one. The executor was not made a party to the proceedings. The Judge, however, proceeded, *ex parte*, to render a formal judgment, decreeing that the claim be established and ranked as a privileged debt of the succession, and paid by the executors next after the builders' claim. Formal notice of this judgment was given to the executor, who does not appear to have paid any attention to it.

On the 1st of November, 1842, the claimant again petitioned the Judge of Probates, setting forth the above facts, and that notice of judgment had been served on the executor. That he had neglected to pay, and had failed to inform the officer who served the notice, that he had no funds in his hands belonging to the estate of Lilley, or in any manner to comply with the law. He, therefore, prayed that the executor might be ordered to show

cause why execution should not be issued against him personally, to make the amount of his debt, with interest and costs.

The executor showed for cause, that he had never been cited to answer the plaintiff's original petition, nor served with a copy of the same, and that he had never been served with notice of judgment. On the merits, he denied all the allegations in the petition, and averred, that the sum of money claimed had been in fact paid by his testator, Lilley, in his lifetime.

Notwithstanding these grounds, the rule was made absolute, and execution was ordered to be issued against the executor personally ; and he has appealed.

The court, in our opinion, erred. The first ground assumed by the executor was clearly sufficient ; to wit, that he was not a party to the judgment rendered in favor of the plaintiff. But it further appears, that on the trial of the rule, the executor offered to prove, that the debt claimed by Phillips had been paid by the testator, and a bill of exceptions was taken to the refusal of the Judge to admit the evidence. Although he had acknowledged in writing the justice of the claim, yet if he had discovered in the meantime that he was mistaken and that in point of fact the debt had been paid by the deceased, it was his duty as executor, to protect the estate against a second payment.

It is, therefore, ordered, that the judgment of the Court of Probates be avoided and reversed, and that the rule taken on the executor be discharged, with costs in both courts, to be borne by the plaintiff and appellee.

*Phillips, pro se.*

*Snyder*, for the appellant.